IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC BENJAMIN TRAYLOR, § | |
| #02200139, § | |
|     Movant, § | |
| § | |
| v. § | No. 3:23-cv-00335-K (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Eric Benjamin Traylor filed a *pro se* "Motion To Hold Proceedings In Stay And Abeyance" (ECF No. 7) in this action for a writ of habeas corpus under 28 U.S.C. § 2254. Traylor argued that he needed a stay of the proceedings to allow him to pursue state habeas relief. However, the Texas Court of Criminal Appeals (CCA) recently denied his state application for a writ of habeas corpus. Resp. 2 (ECF No. 14); Resp., Ex A. (ECF No. 14-1) (showing his state application was denied without a written order on April 5, 2023). For the following reasons, the Court should DISMISS Traylor's motion as moot.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, Traylor filed a motion seeking a stay of the proceedings to pursue a state application for a writ of habeas corpus and exhaust his state court remedies. On April 5, 2023, the CCA

denied his state application without a written order. Therefore, the Court cannot grant him the relief he seeks, and the Court should dismiss his motion as moot.

SO RECOMMENDED.

Signed May 18, 2023.

                      REBECCA RUTHERFORD
                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).